UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

NM HOLDINGS COMPANY, LLC, et al. f/k/a
VENTURE HOLDINGS COMPANY, LLC *et al.*

    Debtor.

Chapter 11
Case No. 03-48939-TJT
(Jointly Administered)
Honorable Thomas J. Tucker

**MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS PURSUANT TO SECTION 1112(b) OF THE BANKRUPTCY CODE TO CONVERT THESE CASES TO CASES UNDER CHAPTER 7**

    For its Motion Pursuant to Section 1112(b) of the Bankruptcy Code to Convert These Cases to Cases Under Chapter 7 (the "Motion"), the Official Committee of Unsecured Creditors (the "Committee") of the Debtors,[1] states:

    1.    On March 28, 2003, the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. Since that time, the Debtors have continued to operate their businesses and manage their properties as debtors in possession under Section 1107 and 1108 of the Bankruptcy Code.

    2.    No trustee or examiner has been appointed in these Chapter 11 cases.

    3.    The Court has jurisdiction over this Motion pursuant to 28 U.S.C. Section 157. This is a core proceeding pursuant to 28 U.S.C. Section 157(b) (2).

    4.    In January 2005, the Court denied confirmation of the Debtors' Second Amended Joint Plan of Reorganization. Following the denial of confirmation of the Plan, the Debtors

---

[1] The Debtors are NM Holdings Company LLC (f/k/a Venture Holdings Company LLC), NM Emco, Inc. (f/k/a Vemco, Inc.), NM Industries Corporation (f/k/a Venture Industries Corporation), NM Mold & Engineering Corporation (f/k/a Venture Mold & Engineering Corporation), NM Old Leasing Company (f/k/a Venture Leasing Company), NM Nemco Leasing, Inc. (f/k/a Vemco Leasing, Inc.), NM Holdings Corporation (f/k/a Venture Holdings Corporation), NM Service Company (f/k/a Venture Service Company), NM Exp LLC (f/k/a Experience Management LLC), NM Europe, Inc. (f/k/a Venture Europe, Inc.) and NM EU Corporation (f/k/a Venture EU Corporation), as debtors and debtors-in-possession.

engaged in a sale and auction process and, on April 19, 2005, the Court entered an Order authorizing the sale of substantially all of the Debtors' operating assets to New Venture Holdings, LLC ("New Venture"). The sale to New Venture closed on or about May 2, 2005.

## ARGUMENT

5. Section 1112(b) (1) provides, in pertinent part:

> ". . . on request of a party in interest, and after notice and a hearing, absent unusual circumstances specifically identified by the court that establish that the requested conversion or dismissal is not in the best interests of creditors and the estate, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interest of creditors and the estate, if the movant establishes cause."

6. Section 1112(b) (4) (J) provides that the term "cause" includes the "failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by this title or by order of the court."

7. The Court, by Order, established December 19, 2005 as the deadline for the Debtors to file a plan of liquidation. For the reasons discussed below, no plan was filed by this date.

8. Since the closing of the sale to New Venture, the Debtors, in conjunction with the Committee, the Pre-Petition Senior Lenders and New Venture, have been engaged in the process of developing a feasible and consensual plan of liquidation. Among the more intractable problems in developing and confirming a plan of liquidation is a lack of funding necessary to satisfy Section 1129(a)(9)(A) of the Bankruptcy Code. Simply stated, the principal constituents in these cases have been unsuccessful in their efforts to obtain funding in an amount sufficient to satisfy, among other expenses, (i) the undisputed administrative expense claims of administrative claimants who have refused to defer payment of their administrative claims, (ii) the expenses associated with confirmation of a liquidating plan and (iii) the anticipated litigation expenses

incurred in connection with challenging the administrative expense claims filed by Winget and/or certain Winget affiliates and the Deluxe Debtors. As a result of insufficient funding, the Debtors are incapable of filing and confirming a Chapter 11 plan of liquidation and, therefore, these cases must be converted to a case under Chapter 7 of the Bankruptcy Code.

9. Given the current circumstances, the Debtors have informed the Committee that the Debtors do not contest the relief requested in the Motion at this time. However, to provide all parties in interest with an opportunity to be heard on the possible conversion, the Debtors have decided not to exercise their right to convert under Section 1112 (a) of the Bankruptcy Code in favor of the Motion and attendant notice of opportunity to be heard.

**REQUEST FOR EXPEDITED SECTION 341 MEETING AND TRUSTEE ELECTION**

10. Section 702(b) of the Bankruptcy Code provides:

> "At a meeting of creditors held under section 341 of this title, creditors may elect one person to serve as trustee in the case if election of a trustee is requested by creditors that may vote under subsection (a) of this section, and that hold at least 20 percent in amount of the claims specified in subsection (a) (1) of this section that are held by creditors that may vote under subsection (a) of this section."

11. The members of the Committee are creditors that hold, in the aggregate, at least 20 percent in amount of claims that may call for and vote in the election of a Chapter 7 trustee. The Committee requests an election of a Chapter 7 trustee at the meeting to be scheduled by the United States Trustee pursuant to Section 341 of the Bankruptcy Code.

12. Section 341 of the Bankruptcy Code provides "Within a reasonable time after the order for relief in a case under this title, the United States trustee shall convene and preside at a meeting of creditors." Conversion of a case from Chapter 11 to Chapter 7 constitutes an order for relief under Chapter 7. 11 U.S.C. Section 348(a).

13. Given the enormous number of issues currently pending in these cases, the Deluxe Debtors' bankruptcy cases, and the various adversary proceedings which, if successful, form the basis of any distribution to unsecured creditors, and the need for stability and creditor confidence in the Chapter 7 trustee, the Committee respectfully requests the Court to order the United States Trustee to convene a meeting under Section 341, and hold an election of a permanent Chapter 7 trustee, at the United States Trustee's earliest opportunity, but in no event later than 10 days after entry of the Order of conversion.

For the foregoing reasons, the Committee respectfully requests the Court to enter an Order (substantially in form attached hereto as Exhibit A), (i) converting these cases to cases under Chapter 7 of the Bankruptcy Code, (ii) directing the Office of the United States Trustee to schedule an expedited Section 341 meeting of creditors and hold an election for permanent Chapter 7 trustee, and (iii) for such other relief as may be just and appropriate under the circumstances.

Respectfully submitted,

CLARK HILL PLC

By: /s/ Joel D. Applebaum
Joel D. Applebaum (P36774)
500 Woodward Avenue, Suite 3500
Detroit, Michigan 48226-3435
(313) 965-8300

and

AKIN GUMP STRAUS HAUER & FELD LLP
Fred S. Hodara
Akin Gump Strauss Hauer and Feld LLP
590 Madison Avenue
New York, NY 10022

Dated: December 23, 2005

Co-Counsel for the Official Committee of Unsecured Creditors