# EXHIBIT 4

# SETTLEMENT AGREEMENT

This SETTLEMENT AGREEMENT is made as of this ___ day of October, 2011, between and among Stuart A. Gold, as Chapter 7 Trustee of NM Holdings Company LLC (f/k/a Venture Holdings Company LLC), NM Industries Corporation (f/k/a Venture Industries Corporation), NM Emco, Inc. (f/k/a Vemco, Inc.), NM Mold & Engineering Corporation (f/k/a Venture Mold & Engineering Corporation), NM Old Leasing Company (f/k/a Venture Leasing Company), NM Nemco Leasing, Inc. (f/k/a Vemco Leasing, Inc.), NM Holdings Corporation (f/k/a Venture Holdings Corporation), NM Service Company (f/k/a Venture Service Company), NM Exp LLC (f/k/a Experience Management LLC), NM Europe, Inc. (f/k/a Venture Europe, Inc.) and NM EU Corporation (f/k/a Venture EU Corporation) (collectively, the "Debtors") and Carroll Hall Shelby, Shelby Automobile, Inc. n/k/a Shelby American, Inc., and Carroll Shelby International, Inc. (collectively, the "Defendants" and individually, "Defendant"). The Debtors and the Defendants may be individually referred to as a "Party" and collectively as "Parties."

Recitals

- On March 28, 2003, the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Michigan (the "Court"). The Debtors' cases are jointly administered under Case No. 03-48939.

- On January 11, 2006, the Debtors' Chapter 11 cases were converted to cases under Chapter 7 of the Bankruptcy Code, and Stuart A. Gold (the "Trustee" or "Plaintiff")

1

was appointed as Chapter 7 trustee of each of the Debtors on January 19, 2006.

- The Trustee, as Plaintiff, and on behalf of the Debtors' Estates and as successor in interest to the Unsecured Creditors' Committee, has pursued an adversary proceeding in the Court against the Defendants, bearing Adversary Proceeding Number 04-4125 (the "Adversary Proceeding").

- The Defendants contest the allegations made in the Adversary Proceeding and deny that they have any liability to the Trustee or the Debtors' estates for the claims asserted in the Adversary Proceeding. The Defendants asserted a counterclaim in the Adversary Proceeding. The Trustee denies any liability for the counterclaim asserted in the Adversary Proceeding.

- The Parties desire to settle any and all claims and disputes among them on the terms stated in this Settlement Agreement.

- Promises and Agreements

In consideration of the recitals hereto, the mutual promises and covenants hereinafter set forth, and for other good and valuable consideration, the Parties agree as follows:

- Within seven (7) calendar days after entry of an order approving this Settlement Agreement (the "Approval Order") the Defendants shall pay the Trustee the sum of Seven hundred thousand dollars ($700,000) (the "Settlement Amount").

- All Parties agree that if the Settlement Amount is not timely paid in accordance with this Settlement Agreement, and remains unpaid after a three (3) day notice to cure is delivered in writing to their attorneys of record, Gordon S. Gold,

Seyburn, Kahn, Bess, and Serlin, P.C., then the Settlement Agreement shall be deemed void in its entirety, and any Settlement Amount paid by the Defendants shall be refunded to Defendants.

- Upon payment of the Settlement Amount, the Parties shall stipulate to and file an order of dismissal substantially in the form attached hereto as Exhibit 1, dismissing the Adversary Proceeding with prejudice and without costs and/or attorney fees to any of the Parties.

- Upon payment of the Settlement Amount, the Trustee, on behalf of himself, each of the Debtors' estates and the Debtors' respective past and present agents, representatives, attorneys, accountants, auditors, consultants, parents, subsidiaries, affiliates, officers, members, managers, directors, principals, shareholders, employees, direct and indirect partners, heirs, executors, administrators, predecessors, successors and assigns and each of them (collectively, the "Trustee Parties"), releases, discharges and covenants not to sue each of the Defendants (in any and all capacities whatsoever) and their agents, trusts, trustees, representatives, insurers, attorneys, accountants, auditors, consultants, parents, subsidiaries, affiliates (including, but not limited to, Shelby American Inc., f/k/a Shelby Automobiles, Inc., Carroll Shelby Licensing, Inc., Carroll Shelby Enterprises, Inc., Carroll Shelby individually and as Trustee of the Carroll Hall Shelby Trust, and the Carroll Shelby Foundation), officers, members, managers, directors, principals, shareholders, employees, contractors, direct and indirect partners, heirs, executors, estates, administrators, predecessors, successors, assigns, and entities owned or controlled, directly or indirectly, by any Defendant, whether now existing or having been

3

dissolved or terminated, and each of them (collectively, the "Defendant Parties"), with respect to any and all claims, obligations, rights, liabilities, actions, causes of action, suits, defenses, counterclaims, rights of setoff, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, and demands whatsoever in law, admiralty or equity, which the Trustee Parties ever had or now have or in the future may have against the Defendant Parties from the beginning of the world to the day of the date of this Settlement Agreement, whether known or unknown (collectively, the "Trustee Claims"), including, but not limited to, the Trustee Claims set forth in the Adversary Proceeding which the Trustee Parties asserted against the Defendants and/or the Defendant Parties, and/or the Trustee Claims which were filed or could have been filed related to Case No. 03-48939.

- Upon payment of the Settlement Amount, the Defendant Parties (in any and all capacities whatsoever) release and discharge the Trustee Parties from any and all claims, obligations, rights, liabilities, actions, causes of action, suits, defenses, counterclaims, rights of setoff, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, and demands whatsoever in law, admiralty or equity which the Defendant Parties ever had or now have or in the future may have against the Trustee Parties from the beginning of the world to the day of the date of this Settlement Agreement, whether known or unknown (collectively, the "Defendants' Claims"), including, but not limited to, the Defendants' Claims set forth in

4

the Adversary Proceeding which the Defendants asserted against the Debtors and/or the Trustee Parties, and/or Defendants' Claims which were filed or could have been filed against the Trustee Parties related to Case No. 03-48939.

- The releases set forth in paragraph 4 above shall be nullified if, within 100 days after the Defendants transfer the Settlement Amount to the Trustee, (i) a bankruptcy, receivership, assignment for the benefit of creditors, or similar case, matter or proceeding is commenced by or against or with respect to any of the Defendants, or any of their assets, and (ii) in connection with such case, matter, or proceeding, a demand is made or action commenced to recover all or any portion of the Settlement Amount from the Trustee, the Debtors' estates, or any other recipient or subsequent transferee of any portion of the Settlement Amount. This condition is a condition to the effectiveness of the releases and not a condition to the other terms of this Agreement.

- Defendants, on behalf of themselves, and their respective heirs, successors, and assigns, agree that <u>if</u> (i) a bankruptcy, receivership, assignment for the benefit of creditors, or similar case, matter or proceeding is commenced by or against or with respect to any of the Defendants, or any of their assets, <u>and</u> (ii) in connection with such case, matter, or proceeding, a demand is made or action commenced to recover all or any portion of the Settlement Amount from the Trustee, the Debtors' estates, or any other recipient or subsequent transferee of any portion of the Settlement Amount, <u>then</u> any applicable statute of limitations, including but not limited to the statute of limitations set forth in section 546(a) of the Bankruptcy Code, shall be deemed tolled until sixty (60) days after the Trustee or any other recipient or subsequent transferee of any portion of the

5

03-48939-tjt    Doc 4623-4    Filed 11/09/11    Entered 11/09/11 15:48:21    Page 6 of 13

Settlement Amount, as applicable, receives actual notice of the demand or commencement of the action to recover all or any portion of the Settlement Amount, and the Trustee may re-open the Adversary Proceeding.

- Defendants acknowledge that this Agreement is intended to compromise an unliquidated claim which the Trustee contends is well in excess of the Settlement Amount. Defendants agree that, in the event of a bankruptcy proceeding involving any of the Defendants, the Trustee shall be entitled to assert his claim against the applicable estate(s) and that the Settlement Amount shall not act to limit in any way the amount of the claim asserted by the Trustee.

- Any notices pursuant to this Settlement Agreement shall be given to:

    (a) If to the Trustee:

    Stuart A. Gold
    Gold Lange & Majoros, P.C.
    24901 Northwestern Highway, Suite 4444
    Southfield, MI 48075
    Tel: (248) 350-8220
    Fax: (248) 350-0511
    Email: sgold@glmpc.com


    with a copy to:

    Joel D. Applebaum
    Edward Hood
    Clark Hill PLC
    151 South Old Woodward, Suite 200
    Birmingham, MI 48009
    Tel: (248) 642- 9692
    Fax: (248) 642-2174
    Email: japplebaum@clarkhill.com
    ehood@clarkhill.com


    (b) If to the Defendants:

Gordon S. Gold
Seyburn, Kahn, Ginn, Bess & Serlin, P.C.
2000 Town Center, Suite 1500
Southfield, MI 48075-1195
Tel: (248) 353-7620
Fax: (248) 353-3727
Email: ggold@seyburn.com

With a copy to:

M. Neil Cummings
M. Neil Cummings & Associates
11150 West Olympic Boulevard, Suite 1050
Los Angeles, CA 90064-1817
Tel: (310) 914-1849
Fax: (310) 914-1853
Email: mncassoc@aol.com

- For purposes of any dispute between the Parties as to when notice has been received by a Party, notice shall be deemed to have been received (i) on the business day following delivery of the notice at the addresses listed above into the custody of a reputable overnight courier (such as Federal Express), or (i) on the day the notice was sent if transmitted by facsimile or by electronic mail.

- Each of the Parties has participated in the preparation of this Settlement Agreement after consulting counsel of its choice.

- Neither this Settlement Agreement, nor any of its terms, nor any negotiations or proceedings in connection therewith shall constitute, be construed as or be deemed to be evidence of an admission on the part of any Party of any liability, wrongdoing or violations of law relating to the claims or counterclaims alleged in the Adversary Proceeding or any claims made by any person or entity against any Party in any action or proceeding.

7

- This Settlement Agreement shall be binding upon, and shall inure to the benefit of, the Trustee Parties and the Defendant Parties and their respective successors and assigns.

- This Settlement Agreement sets forth the entire agreement of the Parties. All agreements, covenants, representations and warranties of the Parties concerning the subject matter of this Settlement Agreement are contained in this Settlement Agreement. All prior and contemporaneous conversations, negotiations, term sheets, covenants and warranties concerning the subject matter of this Settlement Agreement are superseded and merged herein.

- This Settlement Agreement may not be modified, amended or waived except in writing and signed by the Parties. The Parties further agree that the terms of this Settlement Agreement are contractual and not mere recitals.

- The Parties agree that any statement of facts first set forth in the "Recitals" portion of this Settlement Agreement are incorporated into this Settlement Agreement and are, and shall for all purposes be deemed to be, a part of this Settlement Agreement.

- If any provision of this Settlement Agreement is declared invalid by any court after entry of the Approval Order, then such provision shall be deemed automatically adjusted to conform to the requirements for validity as declared at such time and, as so adjusted, shall be deemed a provision of this Settlement Agreement as though originally included herein. In the event that the provision invalidated is of such a nature that it cannot be so adjusted, the provision shall be deemed deleted from this Settlement Agreement as though the provision had never been included herein. In either case, the

remaining provisions of this Settlement Agreement shall remain in full force and effect.

- This Settlement Agreement shall be governed by the laws applicable to agreements made and to be performed in the State of Michigan without regard to the conflicts of law principles thereof.

- This Settlement Agreement may be executed in counterparts and signatures transmitted via facsimile, email or other electronic means shall be deemed one original for the purposes hereof. All counterparts shall constitute one document, notwithstanding that the Parties are not signatories of the same counterpart.

- Each of the persons executing this Settlement Agreement on behalf of a Party represents and warrants that, subject to Court approval, he or she has full power and authority from the Party he or she purports to represent to execute and deliver this Settlement Agreement on behalf of such Party and that all necessary resolutions, authorizations, and/or other necessary formalities have been obtained or accomplished.

- Each of the Parties represents and warrants that none of the claims released by that Party has been previously sold, assigned, conveyed or otherwise transferred.

_____
STUART A. GOLD, AS CHAPTER 7 TRUSTEE
OF THE DEBTORS


_____
CARROLL HALL SHELBY

9

SHELBY AUTOMOBILE, INC. N/K/A SHELBY AMERICAN, INC.

By: _____
Name: JOE CONWAY
Title: Treasurer


CARROLL SHELBY INTERNATIONAL, INC.

By: _____
Name: JOE CONWAY
Title: President

# Exhibit 1

10

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: ) | | |
| ) | Case No. 03-48939 | |
| NM HOLDINGS COMPANY, LLC, et al, f/k/a, ) | Chapter 7 | |
| VENTURE HOLDINGS COMPANY, LLC, ) | Honorable Thomas J. Tucker | |
| et al., ) | | |
|     Debtors. ) | | |
| ) | | |
| ) | | |
| STUART A. GOLD, CHAPTER 7 TRUSTEE OF ) | | |
| NM MOLD & ENGINEERING CORPORATION, ) | | |
| f/k/a VENTURE MOLD & ENGINEERING ) | | |
| CORPORATION, ) | | |
| ) | | |
|     Plaintiff, ) | Adv. Proc. No. 04-4125 | |
| v. ) | | |
| ) | | |
| CARROLL SHELBY, et al, ) | | |
| ) | | |
|     Defendants. ) | | |

## ORDER DISMISSING ADVERSARY PROCEEDING

[THIS DOCUMENT RELATES TO ADVERSARY PROCEEDING NO. 04-4125]

On _____, 2011, the Court entered an order (Docket #_____)

approving the settlement agreement with respect to the above-captioned Adversary

Proceeding. The parties in the referenced Adversary Proceeding have stipulated to entry

11

of this Order.

IT IS ORDERED that all claims, counterclaims and third-party claims in Adversary Proceeding No. 04-4125 are dismissed with prejudice and without costs and/or attorneys' fees to any of the parties.

12